**WO**                                                                                          JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Linden Winston Graham, Jr.,         ) | No. CV 04-2257-PHX-EHC (MS) |
|                         Petitioner,  ) | **ORDER** |
| vs.                                  ) |  |
| Shabak Sunyani, et al.,              ) |  |
|                         Respondents. ) |  |

On September 28, 2004, Petitioner Linden Winston Graham, Jr., (A24-594-709) filed a *pro se* a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of California. The Honorable Lawrence J. O'Neill found that venue was improper because Petitioner was confined in the Eloy Detention Center in Eloy, Arizona. The action was therefore transferred to this Court under 28 U.S.C. § 1406.

## PETITION

Petitioner alleges that in 2003, when he was confined by the California Department of Corrections in the Tehachapi State Prison, he learned that the Immigration and Naturalization Service ("INS")[1] had issued a detainer letter which prevented him from being

---

[1] The INS ceased to exist as an independent agency within the Department of Justice and its functions were transferred to the newly formed Department of Homeland Security on March 1, 2003. See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

released on parole. Petitioner alleges that on October 3, 2003, he was scheduled to be interviewed by an immigration agent, but that the agent failed to appear for the interview. On October 6, 2003, Petitioner was released by the California Department of Corrections into the custody of the Department of Homeland Security ("DHS"). Petitioner was taken to the Eloy Detention Center where he is currently confined.

In proceedings before an immigration judge, Petitioner claimed that because he was born in the U.S. Virgin Islands, he is a citizen of the United States. Petitioner argued that the immigration proceedings against him were the result of a misidentification. Petitioner argued that the immigration records that purported to show that he was born in Jamaica related to another person, Winston George Graham. On March 22, 2004, Respondent Sunyani Shabaka,[2] who is a DHS criminal investigator in California, testified telephonically at Petitioner's removal hearing in Eloy. Petitioner claims that Respondent Shabaka falsely testified that he personally interviewed Petitioner in the Tehachapi State Prison and that during the interview Petitioner admitted that he was born in Kingston, Jamaica. Petitioner also claims that the other named Respondents, Rosler, Mitchel and "Unknown Administrators," who are all officials at the Tehachapi State Prison, conspired with Respondent Shabaka to falsify records regarding Petitioner's identity and citizenship.

## IMPROPER RESPONDENTS

Under 28 U.S.C. § 2243, a writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243; see also, 28 U.S.C. § 2242 (a petition for writ of habeas corpus must "name the person who has custody over" the petitioner). If the petition fails to name the petitioner's custodian as the respondent, the Court lacks *in personam* jurisdiction over the custodian and cannot grant relief. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does

---

[2] The caption of the Petition lists Respondent's name as "Shabak Sunyani," but Exhibit F of the Petition, which includes Respondent's name and signature, lists his name as "Sunyani Shabaka."

- 2 -

not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

The United States Court of Appeals for the Ninth Circuit has held that the "proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'" Brittingham v. United States Bd. of Parole, 982 F.2d 378, 379 (9th Cir.1992) (per curiam) (quoting Demjanjuk v. Meese, 784 F.2d 1114, 115 (D.C. Cir. 1986). "A custodian 'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner.'" Id. (quoting Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986). Petitioner's custodian is the warden of the detention center where he is being held. Id. Here, Petitioner is in federal custody on immigration charges, but he has named a DHS criminal investigator and California Department of Corrections officials as respondents.

> [W]hen a habeas petitioner has failed to name the proper respondent pursuant to § 2242, [the court] must ask *sua sponte* whether the respondent who *is* named has the power to order the petitioner's release. If not, the court may not grant effective relief, and thus should not hear the case unless the petition is amended to name a respondent who can grant the desired relief.

Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004). Because none of the named Respondents are Petitioner's custodians, they do not have the power to order Petitioner's release.

Ordinarily, the Court would grant Petitioner leave to file an amended petition naming proper respondents. Here, however, Petitioner has another pending habeas corpus action challenging his removal order on the grounds that false evidence was used to support the Government's assertion that he is not a citizen of the United States. See Graham v. Gonzalez, CV 04-2796-PHX-EHC (MS). By separate order, that action will be transferred to the United States Court of Appeals for the Ninth Circuit pursuant to § 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). An amended petition in this action would be redundant. Accordingly, this action will be dismissed without prejudice to permit Petitioner to pursue his claim that he is a citizen of the United States in the Ninth Circuit. See Taniguchi v. Schultz, 303 F.3d 950, 955 (9th Cir. 2002) (the courts of appeals

retain **exclusive** jurisdiction under 8 U.S.C. § 1252(b)(5) to review a claim by a criminal alien in removal proceedings that he is a citizen of the United States); Baeta v. Sonchik, 273 F.3d 1261, 1264-5 (9th Cir. 2001) (same).

**IT IS THEREFORE ORDERED** that the Petition and this action are **dismissed** without prejudice and the Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's Motion Requesting Subpoena (Doc. #6) is **denied** as moot.

DATED this 23rd day of September, 2005.

_____
Earl H. Carroll
United States District Judge

- 4 -